### No. 654

#### SULLIVAN et v. CASSIDY.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 3007.    Decided April 25, 1927.

1271. WILLS AND LEGACIES—In will contest, jury may consider age and mental and physical condition of testator, his habits and associations, his relation to parties interested, his affections toward them, their claim upon his bounty, the character and extent of his property, and the disposition he made of it.

1265. WEIGHT OF EVIDENCE—Where facts and circumstances are in direct conflict, jury is only arbiter that can determine question, and unless verdict is not supported by sufficient evidence, reviewing court will not be justified in setting it aside.

337. CROSS EXAMINATION—Error in excluding testimony on cross-examination is cured by admission of same testimony later in the case.

337. RES GESTAE—Testimony given by testator in law suit tried twenty-five years before making of will, not admissible in will contest as part of res gesta.

225. CHARGE OF COURT—When request has been made that written charge be given it shall be read to jury without comment.. It is then taken to jury room with other papers.

Error to Common Pleas.
Judgment affirmed.

**First Publication of this Opinion**

CUSHING, J.

Patrick Sullivan, aged about eigthy years, on Aug. 29, 1924, signed a paper purporting to be his last will and testament. He died on Oct. 8, 1924. The will was probated July 2, 1925. Mary Cassidy, his daughter, filed an action in the Court of Common Pleas, in which it was alleged that said paper writing was not the

last will and testament of Patrick Sullivan, deceased.

Much evidence was introduced as to the mental capacity of Patrick Sullivan, and whether or not he was unduly influenced to make the will in question.

The jury found that the paper writing was not the valid last will and testament of Patrick Sullivan.

The errors assigned are, the overruling of defendant's motion at the conclusion of plaintiff's testimony, for an instructed verdict, on the ground that no evidence had been offered that the deceased did not have mental capacity to make a will, or that he was unduly influenced to make the will in question; that the verdict was not sustained by sufficient evidence; that the trial court erred in limiting the plaintiffs in error in the cross examination of one of defendant in error's witnesses; error in the refusal of the court to admit in evidence the testimony given in a certain law suit tried before a justice of the peace in 1899.

In a will contest the jury may consider the age, mental and physical condition of the testator at the time of executing the will, his habits and associations, his relations to the parties interested, his affections toward them, their claims upon his bounty, the character and extent of his property, and the disposition he made of it. Collins v. Collins, 110 OS. 106.

The facts and circumstances, as presented, are in direct conflict. The jury was the only arbiter, known to our law, that could determine the question, and unless it is shown that the verdict was not supported by sufficient evidence, this court would not be justified in setting it aside.

Another error assigned is the refusal of the trial court to allow the attorneys for contestees to cross-examine John Sullivan, a witness called by the contestant. There is no question but that the court erred in so ruling, and if it were not for the fact that the testimony thus excluded was produced by other witnesses, this error would have been prejudicial. The error was cured by the admission of the same testimony later in the case.

Counsel for contestees moved the court to put its charge in writing. After it had been prepared and copies given to counsel, the court added a paragraph which was submitted to counsel before argument and prior to its being read to the jury. The law is, that when a request has been made that a written charge be given it shall be read to the jury without comment. It is then taken to the jury room with the other papers. This rule was adhered to.

It is claimed that the Court erred in excluding the testimony taken in the case of Cassidy v. Sullivan. This case was brought by Cassidy, the son-in-law in 1899, against Patrick Sullivan. The fact that such a suit had been instituted, and that the daughter testified against her father in that case was before the jury. But what Patrick Sullivan testified to at that time could in no way reflect on his state of mind a quarter of a century later, when he came to make the will in question. It is claimed that this record was admissible on the ground that it was a part of the res gesta. It would seem that after the lapse of a quarter of a century, the statements would be too remote to reflect the state of mind of the testator at the time of executing this will.

Judgment affirmed.

(Hamilton, PJ. and Buchwalter, J., concur.)

Attorneys—Freiberg, Avery & Simmonds for Sullivan et; Kunkel & Kunkel for Cassidy; all of Cincinnati.